UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

ROY ANDREW MCDANEL                                             PLAINTIFF

v.                                                      CIVIL ACTION NO. 5:09-CV-P175-R

BEST BUY, INC. et al.                                        DEFENDANTS

### MEMORANDUM OPINION

Plaintiff, Roy Andrew McDanel, filed a *pro se*, *in forma pauperis* complaint (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed for lack of subject-matter jurisdiction.

### I. SUMMARY OF CLAIMS

Plaintiff files his complaint on a court-supplied general complaint form. He sues Best Buy, Inc. in Paducah, Kentucky; unknown phone clerks; unknown assistant manager, manager, and supervisor of Best Buy; unknown responsible parties of Best Buy located at the Paducah, Kentucky, address; and "unknown owners, Board of Directors and responsible parties of and over Best Buy, unknown address." The allegations of his complaint concern an injury he sustained at the Best Buy in Paducah, Kentucky, after he tripped over a broom.

### II. ANALYSIS

"Because federal courts are courts of limited jurisdiction, the plaintiff must establish subject matter jurisdiction." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005). Federal courts hear only cases allowed under the Constitution or cases which Congress has entrusted to them by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

His complaint asserts that the suit is for more than $100,000 and that some of "the defendants may reside out of state, federal court has venue in this complaint."

Jurisdiction for Plaintiff's complaint, which contains only state-law claims, cannot be premised on the diversity statute, 28 U.S.C. § 1332(a), as there is no diversity of citizenship between the parties. Under the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states . . . ." 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S.365, 373 (1978). Plaintiff, however, does not demonstrate that each of the defendants is a citizen of a State other than Kentucky. Plaintiff's address is in Kentucky as is the only Defendant's address which he gives in the complaint, *i.e.*, Best Buy in Paducah, Kentucky. He lists "unnamed defendants" who include unknown employees of the Best Buy store in Paducah. Reason suggests that it is very likely that those employees are residents of Kentucky as well. In fact, Plaintiff's complaint only asserts that *some* of Defendants *may* reside in another state. Consequently, Plaintiff cannot bring any state-law claims by way of the federal diversity statute.

## III. CONCLUSION

Since Plaintiff has failed to establish this Court's jurisdiction, the instant action must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court will enter an Order consistent with this Memorandum Opinion.

Date:


cc: Plaintiff, *pro se*
      Defendants
4413.009